UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-20478-CIV-COOKE

YAKOV BLIVES,

    *Plaintiff*,

v.

ALBERTO GONZALES, et al.,

    *Defendant*.

_____/

### ORDER DENYING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND REMANDING CASE TO USCIS

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss or for Summary Judgment [DE 7], filed April 27, 2007. For the reasons set forth below, however, the Court finds that the case should be remanded rather than dismissed.

### I.  BACKGROUND

On February 23, 2007, Yakov Blives ("Plaintiff" or "Blives") filed a Complaint for Mandamus Relief ("Complaint") asking this Court to compel the Acting Director of the United States Citizenship and Immigration Services ("USCIS") to adjudicate his pending N-400 Naturalization Application ("Application"). Steps have been taken to resolve Blives' Application, but the requisite FBI background check has yet to be completed.[1]

### II.  REMAND TO THE USCIS IS WARRANTED

The Defendants have asked this Court to dismiss the case but the Court feels that it is

---

[1] In response to heightened security concerns, Congress has mandated that a full criminal background investigation must be completed before a person can be issued U.S. citizenship. *See* 8 C.F.R. § 335.1; *see also* Pub. L. 105-119, Tit. I, Nov. 26, 1997, 111 Stat. 2448.

more prudent and judicially efficient to remand the case to the USCIS, so that the USCIS may complete the required security background checks for the Plaintiff's Application.  In opposition, the Plaintiff argues that there has been an undue delay in the adjudication of his Application and that a remand would only further the delay the matter.

This Court's subject matter jurisdiction in this action derives from § 336(b) of the Immigration and Nationality Act ("INA").  *See Hussein v. Gonzales*, No. 306-497J-32MCR, 2007 WL 328691 (M.D. Fla. Jan. 31, 2007).  Section 336(b) of the INA states:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).  Thus, the INA empowers this Court to adjudicate Plaintiff's Application for Naturalization.  However, § 335 of the INA establishes that before a person may be naturalized the USCIS must conduct a background investigation of that person.  *See* 8 U.S.C. § 1446; 8 C.F.R. § 335.1.  Therefore, while § 336(b) of the INA empowers this Court to adjudicate an Application for Naturalization—where there is a failure to make a determination before the end of the 120-day period after the date on which the examination is conducted—the background investigation required under § 335 of the INA must still be completed before an applicant can be naturalized.

The Plaintiff did not provide this Court with any authority to support the proposition that the Court may grant a petition for naturalization without completion of the background checks required under § 335; neither can the Court mandate an adjudication of the matter without the

proper background checks.  Furthermore, this Court's own independent research did not uncover any authority to do so.  As a result, if this Court chose to adjudicate the Plaintiff's Application, it would have to complete the requisite security background investigation.  The Court, however, lacks the resources necessary to properly conduct such an investigation.  Moreover, the USCIS is far better suited to interpret the results of a security background investigation.  *Manzoor v. Chertoff*, 472 F.Supp.2d 801, 808 (E.D. Va. 2007).  Consequently, the Court will not intrude into the provinces of the USCIS and the Federal Bureau of Investigations ("FBI").

The Court recognizes that administrative delays may frustrate the Plaintiff.  The Court, however, is unwilling to jump the Plaintiff's Application to the front of the line as it may create perverse incentives for other naturalization applicants seeking to expedite their applications.  The Court, therefore, shall remand this matter to the USCIS for completion of the required background security checks and determination of Plaintiff's Application for Naturalization.  Accordingly, it is hereby

>    **ORDERED AND ADJUDGED** as follows:

1. The Defendants' Motion to Dismiss or for Summary Judgment [DE 7] is **DENIED** *without prejudice*.
2. This matter, however, is **REMANDED** to the USCIS for prompt adjudication of Plaintiff's Application for Naturalization.
3. If the USCIS has not rendered a decision on Plaintiff's Application by **July 18, 2008**, the Plaintiff shall file a notice with the Court setting forth the status of the Application.  Upon receipt of the notice, the Court will consider reopening this matter and adjudicating Plaintiff's Application in

      accordance with § 336(b) of the INA.

4.    The Clerk is directed to administratively **CLOSE** this case. All pending motions not otherwise ruled upon are **DENIED** *as moot*.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of June, 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Stephen T. Brown*
*Counsel of Record*